PER CURIAM.
This is an original proceeding by petition for writ of certiorari to review a circuit court order requiring the petitioner, as the alleged natural father, to submit to genetic testing in a paternity action. We grant the petition.
Rule 1.360(a), Florida Rule of Civil Procedure states that a physical examination in such a ease “is authorized only when the party submitting the request has good cause for the examination.” The party submitting the request has the burden of showing good cause. Id. In this instance, the mother swore in an affidavit that petitioner was the father of her child and filed an action against petitioner asking for determination of paternity and seeking child support and other relief. Just a few months earlier, the mother gave sworn testimony in a deposition in circuit court that petitioner was not the father of her child. Petitioner submitted transcripts of this testimony to the court below in his amended answer and filed motions to dismiss the complaint and to protect petitioner from scientific testing in the case. At the hearing on these motions and the mother’s motion for physical examination, no evidence to support the mother’s claim of paternity was presented. In light of her earlier contradictory sworn testimony, the mother failed to carry the burden of showing good cause for the examination. In addition, Department of Health & Rehabilitative Services v. Privette, 617 So.2d 305 (Fla.1993), requires that certain procedural requisites be met in paternity actions concerning a child born in wedlock. Without information regarding the legitimacy of the child in this instance, the applicability of such procedures and the best interest of the child cannot be determined.
The petition for writ of certiorari is granted, the circuit court’s order requiring genetic testing is quashed, and this case is remanded for further proceedings consistent with this opinion.
ERVIN, MINER and WOLF, JJ., concur.